IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANICE HAMPTON,                             ) | |
|                Plaintiff,              ) | |
| v.                                                            ) | No. 1:23-cv-1103-STA-jay |
| UNITED INSURANCE COMPANY OF   ) AMERICA,                                             ) | |
|                Defendant.          ) | |

ORDER OF DISMISSAL
ORDER ON APPELLATE ISSUES

On August 7, 2025, the United States Magistrate Judge entered a report and recommendation (ECF No. 51) addressed to two motions filed by Defendant United Insurance Company of America: a Motion for Summary Judgment and Motion for Involuntary Dismissal for Failure to Prosecute. Defendant filed its Motion for Summary Judgment and Motion for Involuntary Dismissal on July 1, 2025, more than two months ago. In fact, Defendant's Motion for Involuntary Dismissal was addressed entirely to Plaintiff Janice Hampton's failure to serve initial disclosures, her failure to respond to written discovery requests, and her failure to appear for her own deposition. Plaintiff, who is representing herself, had 28 days from the service of the Motions to file a written response, making her responses due no later than July 29, 2025. The time to respond has long passed, and Plaintiff has never responded to either Motion.

When Plaintiff did not respond to the dispositive Motions, the Magistrate Judge recommended that the Court grant both Motions. Plaintiff had 14 days from the service of the report and recommendation to file any objections she had to the Magistrate Judge's recommended

1

disposition of the Motions. To date, Plaintiff has not responded to Defendants' Motions or the Magistrate Judge's report and recommendation, and the time to do so has also expired.

On this record, the Court finds that Plaintiff has failed to prosecute her claims by failing to participate in discovery, failing to appear for her own deposition, failing to prepare the case for trial, and failing to respond to Defendant's dispositive Motions. Plaintiff has likewise failed to show why the Court should not adopt the Magistrate Judge's recommendation to grant both Motions.

It is true that the mailed copy of the report and recommendation did not reach Plaintiff at her address of record. On August 25, 2025, the mail containing a copy of the report and recommendation was returned to the Clerk of Court and marked "Return to Sender." The Court notes that this is not the first instance in this case in which Plaintiff did not receive mail from the Court. When Plaintiff filed a motion to reconsider a decision to dismiss part of her case last year, Plaintiff complained to the Court about her mail service and asserted that the U.S. Postal Service was not delivering official mail from the Court. The Court gave her the benefit of the doubt on that occasion and granted her a short extension of time to return completed summons forms to the Clerk to be issued.

But the Court also reminded Plaintiff of her ongoing duty to monitor the docket and stay apprised of each development in her case. The Court strongly cautioned Plaintiff that her failure to comply with its order or any other order in the future would result in the dismissal of her case for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court also ordered Plaintiff to keep her mailing address up to date to ensure that mail reached her. Plaintiff has not contacted the Clerk of Court to update her mailing address, despite the Court cautioning her about her duty to keep her contact information current at all times.

So even though the mail containing the report and recommendation was not delivered, Plaintiff was aware of her ongoing duty to monitor the docket and even visit the Clerk's Office to receive updates on her case. What is more, Plaintiff has clearly failed to prosecute her case now for many months. More than one month has passed since the Magistrate Judge entered his report and recommendation. More than two months have passed since Defendant filed their dispositive Motions. More than four months have passed since Plaintiff failed to appear for her deposition. More than six months have passed since Defendant first served Plaintiff with written discovery, request to which Plaintiff has never responded. On this record, the dismissal of Plaintiff's case is warranted. Therefore, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Plaintiffs' failure to prosecute her case, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105

F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[1] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 16, 2025

---

[1] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.